Tyson Keplinger # 128194
Wabash Valley Corr. Fac.
P.O. Box 1111
Carlisle, IN. 47838

SCANNED at WVCF and Emailed on
8/26/19 by HM - 58 pages.
(date)   (initials)   (num)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

Tyson Keplinger,
    plaintiff.

V.

Kayla McDonald, RN.,
Wexford Health Sources inc.;
Kim Hobson, Health Care
Administrator, Wexford Health
Sources inc.; Richard Brown,
Warden, Wabash Valley Corr. Fac.;
All sued in their individual and
Official Capacities,
                Defendants.

Case No: 2:19-cv-410-JRS-MJD

Civil Rights Complaint
[§ 1983]

Trial By Jury Demanded

**FILED**
**1:58 pm, Aug 26, 2019**
**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Laura A. Briggs, Clerk**

COMES NOW, Tyson Keplinger # 128194, plaintiff pro se, who presents the following Civil Rights Complaint, and Claims for Compensatory, Punitive, Declaratory, and injunctive Relief as follows:

Civil Rights Complaint                                                      page 1 of 11

## I. INTRODUCTION

1. This Action places before the Court a Lawsuit involving Kayla McDonald, and Kim Hobson, (Both employed by Wexford Health Sources inc., Charged with providing medical care to inmates at Wabash Valley Corr. Facility); As well as Richard Brown, (Warden at WVCF) employed by Indiana Dep't of Corrections.

2. This Complaint Alleges that Adequate medical care was needlessly delayed, causing plaintiff pain and suffering, as well as unnecessary injury, by Wabash Valley Corr. Facility in Concert with its Contracted medical providers employed by Wexford Health Sources incorporated.

## II. PARTIES

### Plaintiff:

3. Tyson Keplinger # 128194 ("Plaintiff") is presently serving a criminal sentence in the custody of the Indiana Dep't of Corrections, At all times Relevant to this Action, plaintiff was housed at WVCF, P.O. Box 1111, Carlisle, IN., 47838, where he currently Resides.

### Defendants:

4. Kayla McDonald ("Defendant McDonald") At all times Relevant to this Action was/is employed as a Registered Nurse, by Wexford Health Sources inc, Contracted to provide medical care to inmates at WVCF, 6908 S. US Hwy 41, P.O. Box 500, Carlisle, IN. 47838. At all times Relevant to this Complaint, Kayla McDonald Acted under color of state law. She is hereby sued in her individual and official capacity, Jointly and Severally, for those Acts and omissions Described fully Below.

5. Kim Hobson ("Defendant Hobson") At all times Relevant to this Action was/is employed as the Health Care Administrator, by Wexford Health Sources inc., Contracted to provide medical care to inmates at WVCF, 6908 S. US Hwy 41,

Civil Rights Complaint

P.O. Box 500, Carlisle, IN. 47838, At All times Relevant to this Complaint Kim Hobson Acted Under color of state Law, She is Hereby Sued in her individual And official Capacity, Jointly And Severally for those Acts And omissions Described fully Below.

6. Richard Brown ("Defendant Brown") At All times Relevant to this Action was/is Employed As the Warden At WVCF, By the Indiana Dep't of Corrections, 6908 S. US Hwy 41, P.O. Box 500, Carlisle, IN. 47838, At All times Relevant to this Complaint, Richard Brown Acted under color of state Law, He is Hereby Sued in His individual And official Capacity, Jointly And Severally, for those Acts And omissions Described Fully Below.

## III. Jurisdiction And Venue

7. Jurisdiction is Asserted pursuant to the United States Constitution And 42 U.S.C. § 1983, to Redress the Deprivations of those Rights Secured By the United States Constitution, Deprives By A person Acting under color of state Law. The Court Has Jurisdiction over these matters pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

8. The United States District Court For the Southern District of Indiana, in the City of Terre Haute, is An Adequate Venue For trial pursuant to 28 U.S.C. § 1391 (b)(2); the County of Sullivan is where the Events Complained of Occurred.

## IV. Previous Lawsuits

9. Plaintiff Has Never Before Filed A Civil Suit, Nor Has there Been previous litigation Regaurding Any of these issues Described in this Complaint.

Civil Rights Complaint

<sup>Case 2:19-cv-00410-JRS-MJD Document 1 Filed 08/26/19 Page 4 of 11 PageID #: 4</sup>

## V. STATEMENT OF FACTS

10. On December 18, 2017, plaintiff was taken by ambulance to Regional Hospital in Terre Haute, IN. Plaintiff was diagnosed as a new diabetic experiencing Diabetic Ketoacidosis. He was further informed that he had an uncommon form of Diabetes, and controlling this condition would be difficult in prison. (Exhibits A(1)-(4))

11. Plaintiff has Latent Autoimmune Diabetes in Adults (LADA), commonly referred to as "Type 1.5 Diabetes" (exhibit A(1)-(4))

12. On May 20, 2019 at approximately 10 o'clock A.M., Officers P. Ivy and Goodman escorted plaintiff to the Medroom for a routine Accucheck.

13. Plaintiff informed Defendant McDonald that his Blood Sugar was very low. (Exhibit B(1))

14. Defendant McDonald tested plaintiff's Blood Glucose on a standard Glucometer which produced a reading of 45 mg/dL. (Exhibit B(2)).

15. Plaintiff has a history of hypoglycemia; He explained to Defendant McDonald, "It feels a lot lower than that."

16. Defendant McDonald asked plaintiff if he wanted some Glucose tablets.

17. Plaintiff told Defendant McDonald, "I will take them but they do not really work on me."

18. Plaintiff consumed two (2) Glucose tablets in the Medroom.

19. Immediately there after Defendant McDonald instructed Officer P. Ivy to return plaintiff to his cell and bring the next insulin, indicating she would have him check on plaintiff later.

20. Plaintiff complied with all offered treatment, communicated relevant information and concerns about Defendant McDonald's choice of treatment,

Civil Rights Complaint

<sup>page 4 of 11</sup>

and complied with orders given. Plaintiff was then returned to his cell with a Blood Glucose level of 45 mg/dL, at Defendant McDonald's instruction, and not monitored.

21. Nursing protocol indicates when a patient exhibits signs or symptoms of Hypoglycemia, the Nurse should comply with "Nursing intervention". (The Blood Glucose Level is no longer 70 mg/dL, it is currently 60 mg/dL), (Exhibits C (1)-(2)).

22. Defendant McDonald chose not to follow protocol, Recklessly exposing plaintiff to needless pain and suffering, compounded by injury. (Exhibit B(2))

23. Plaintiff is housed in the Secure Confinement Unit at WVCF. This is a Segregation unit, an offender does not have free movement capabilities. This Unit is generally a loud environment, with persistant yelling and/or Banging at any given time. There are no medical call buttons located in the cells, the Cell Doors are solid, located on a Range that also has a solid door.

24. There was an indeterminate amount of time that passes with Plaintiff in his cell disoriented, in and out of consciousness, unable to communicate or move with purpose before being found in extreme distress.

25. Defendant McDonald is Requested on B-East 300 Range By Custody Staff, where she for the second time tested plaintiff's Blood Glucose, which was 46 mg/dL. (Exhibit B(2)).

26. Plaintiff was incapacitated at the base of his cell door for an indeterminate amount of time, where his condition deteriorated rapidly.

27. Due to this, custody staff entered plaintiff's cell and carried him to a stretcher instead of waiting for the first Responder to arrive with the emergency diabetic bag.

28. Defendant McDonald opted to not follow protocol for a second time, wanting to wait until plaintiff arrived at the infirmary before administering Glucagon 1mg IM, even with plaintiff on a gourney, unresponsive, convulsing, with labored breathing.

29. However, the first responder did infact administer Glucagon 1mg IM to plaintiff.

30. Plaintiff arrived at the infirmary semi-conscious, where Ashley Schultz, RN., noted the following: "Upon arrival ... post Glucagon administration ... [plaintiff] was noted to have gross tremors of the entire body ... was poorly responsive ... pupils were PEARLA+3 ... skin clammy ... extremities are cyanotic ... labored, rapid breathing ... cannot catch his breath ... Repeated glucose checks present reading of 52, 111, 89, 110, 123, 119, consecutively." (Exhibit D(1)). (All of which are signes of severe Hypoglycemia, exhibit C(3)).

31. Samuel Byrd, MD., notes similar conditions, as well as plaintiff's vitals, listed as follows: "Blood pressure 172/98; Temperature 98.2; pulse 119; Respiration 15; And pulse oximentry 99%." (exhibit E(1)-(2)).

32. Dr. Byrd's Assessment was Hypoglycemia (251.2), and Acute Hyperventilation Syndrome (306.1). (Exhibit E(2)).

33. Plaintiff required a Glucagon injection, nursing intervention, Ativan 1mg IM, oxygen, and observation, after Defendant McDonald chose to forego adequate medical treatment of plaintiff, experiencing Hypoglycemia.

34. Plaintiff filed an informal grievance on May 25, 2019, Amy Wright, DON., provided a statement that was inconsistant with protocol, as well as the facts, and denied plaintiff's informal grievance on June 11, 2019. (exhibits F(1)-(4)).

35. On June 13, 2019, plaintiff filed a formal grievance addressing

Civil Rights complaint                                                                                      page 6 of 11

concerns with Medical treatment, which was Responded to By Kim Hobson, Health Care Administrator for Wexford Health Sources inc., Defendant Hobson, Failed to investigate; Failed to speak to Any of the Multiple witnesses; And overall Mischaracterized the Facts As A whole. Resulting in plaintiff's Grievance Being Denied. (Case ID Number 107830). (Exhibits G(1)-(6)).

36. On July 24, 2019, plaintiff Appealed this Decision to Richard Brown, Warden At WVCF, Defendant Brown Denied the Appeal. (Exhibit H(1)-(4)).

37. On August , 2019, plaintiff Appealed Defendant Brown's Denial to Final Reviewing Authority, Mr. I. Randolph Also Denied the Grievance. (Exhibit I(1)-(3)

38. Defendant McDonald stated in Her "Comments", that she provided plaintiff with..." Glucose tabs [sic] per protocol. OAD [sic] stated I'll Be okay now." In Attempt to mislead, By Alluding to A logical inferance that the Glucose tablets provided plaintiff Relief from Very low Blood Sugar. (Exhibit B(2))

39. Plaintiff Unequivically Denies saying "I'll Be okay now", or Anything that Could Be misconstrued As Such.

40. Plaintiff was out of His Cell Approximently Five Minutes Before Being Returned to His Cell At Defendant McDonald's instruction. Glucose tablets Do Not Metabolize immediately, plaintiff Specifically told Defendant McDonald that Glucose tablets Do not Really Work on him, there Are Multiple witnesses to this Conversation, As well As Additional witnesses who Can Attest to previous incidents where Glucose tablets Had little to no effect on plaintiff in Similar Circumstances. Most importantly Defendant McDonald indicates one (1) Blood Glucose test in the Medroom, Which Produced A Result of 45 mg/dL, Not 60 mg/dL or Above.

41. Defendant McDonald indicates the next Blood Glucose test is At

plaintiff's cell. Per protocol plaintiff must have a blood glucose level of 60mg/dL or above to be in an unmonitored cell. Plaintiff should not have been in his cell, should not have had to suffer extended extreme effects of Hypoglycemia, and should not have had to succumb to injury; unconscious at the base of his cell door. (exhibit B(2))

42. Defendant McDonald is still assigned to "Corners" regularly, which includes the SCU, which causes plaintiff great anxiety. Prior to this incident Defendant McDonald carelessly injected plaintiff with insulin that is as much as three times stronger than what he is proscribed. Plaintiff's classification does not permit him to order food items from commissary, he relies on the food provided by the Dept of Corrections, which are small and do not adequately fulfill his diabetic needs.

43. Plaintiff fears Defendant McDonald may again administer the wrong insulin, send him to his cell, where he could pass away.

44. Resulting from delayed medical treatment plaintiff needlessly suffered from: panic, vertigo, dizziness, and loss of consciousness, prior to being found in distress in his cell.

45. Defendant McDonald acted with reckless indifference causing plaintiff to suffer the following painful injuries: loss of consciousness, hours of painful tremors, chest pain from hours of Sinus tachycardia (pulse 119), hours of dangerously high blood pressure (172/98), debilitating effects of extended exposure to severe Hypoglycemia, nerve and tissue damage, oxygen deprivation, numbness in extremities, Delirium, neurological impairment, weakness, and fatigue.

46. Plaintiff was returned to his cell and continued to suffer

Civil Rights Complaint                                                                  page 8 of 11

from fatigue for approximently two (2) weeks, body pain and severe cramping in core muscles for approximently two (2) monthes. Plaintiff no longer exercises fearing low blood sugar. Plaintiff still succumbs to persistant headaches, and depression while suffering from a prevailing and deep-seated anxiety over his condition, future, and inability to prevent Hypoglycemia without cooperation from medical staff, and administrators.

## VI. Exhaustion of Administrative Remedies

47. Plaintiff has timely exhausted all avaliable administrative remedies prior to filing this complaint.

## VII. Cause of Action

48. Defendants Kayla McDonald, Kim Hobson, and Richard Brown, acted with deliberate indifference to plaintiff's serious medical needs, violating plaintiff's rights, constituting cruel and unusual punishment under the eighth amendment to the United States Constitution.

## VIII. Prayer for Relief

Wherefore Plaintiff respectfully prays that this court enter an order:

49. Issuing declaratory relief, declaring that the acts and omissions of the defendants have violated plaintiff's rights;

50. Issuing injunctive relief, commanding defendants to (1) provide a diet tailored to the needs of a Type 1.5 Diabetic with minimal carbohydrates, and adequate protein to sustain blood glucose levels as well as prevent prodigious fluxuations, and (2) Allow plaintiff's daily

Diabetic maintnance to be performed by any qualified person not a party to this Complaint;

51. Awarding plaintiff Compensatory Damages for the unnessicary physical and neurological suffering, consequential pain, needless injury, and emotional suffering, in an amount as yet to be deduced from evidence, but in no event in an amount less than $100,000.00.

52. Awarding plaintiff punitive Damages for the Deliberate disregaurd of his Health and safety by a qualified medical professional, the need to prevent medical personel working in prisons from ignoring protocol, as well as professional medical standards needlessly endangering plaintiff or any offender relying on medical services, the willingness displayed to cover up improper treatment, and the lack of consequence for doing so by administrative personel with the Authority to Discipline improper Acts by subordinates, in an amount as yet to be Deduced by the evidence, but in no event in an amount less than $100,000.00.

53. Any other Relief that this Court may Deem just and proper.

54. Trial By Jury is Hereby Demanded on All Claims Alleged Herein, and the parties Are Hereby Given notice, pursuant to Fed. R. Civ. P.(a)-(c).

Respectfully Submitted this ____ Day of

Tyson Keplinger #128194

## IX. VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Tyson Keplinger, declare and verify under penalty of perjury under the laws of the United States of America, that I have read the foregoing and that it is true and correct to the best of my belief and knowledge.

Dated this 26th day of August, 2019.

*[signature]*

Tyson Keplinger #128194